**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **GREGORY BOWE**, *et al.*, : | |
| : | **Case No. 2:22-cv-04266** |
| Plaintiffs, : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | **Magistrate Judge Elizabeth P. Deavers** |
| **CROSS RIVER BANK**, *et al.*, : | |
| : | |
| Defendants. : | |

| | |
|---|---|
| **DEANNA EVANS**, *et al.*, : | **Case No. 1:22-cv-00723** |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| **CROSS RIVER BANK**, *et al.*, : | |
| : | |
| Defendants. : | |

| | |
|---|---|
| **STEPHEN SALAZAR**, *et al.*, : | **Case No. 2:22-cv-04314** |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| **CROSS RIVER BANK**, *et al.*, : | |
| : | |
| Defendants. : | |

| | |
|---|---|
| **JOHN RILEY**, *et al.*, : | **Case No. 2:22-cv-04315** |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| **TECHNOLOGY CREDIT UNION**, *et al.*, : | |
| : | |
| Defendants. : | |

1

| | | |
|---|---|---|
| **BREE-ANN STENGER,** *et al.*, | : | Case No. 1:22-cv-00721 |
| Plaintiffs, | : | |
| v. | : | |
| **TECHNOLOGY CREDIT UNION,** *et al.*, | : | |
| Defendants. | : | |
| **THOMAS CHAMBERLIN,** *et al.*, | : | Case No. 2:22-cv-04318 |
| Plaintiffs, | : | |
| v. | : | |
| **TECHNOLOGY CREDIT UNION,** *et al.*, | : | |
| Defendants. | : | |
| **NATHAN GENTON,** *et al.*, | : | Case No. 2:22-cv-04310 |
| Plaintiffs, | : | |
| v. | : | |
| **TECHNOLOGY CREDIT UNION,** *et al.*, | : | |
| Defendants. | : | |

## OPINION & ORDER

### I. INTRODUCTION

In this matter, the Court considers, *sua sponte*, consolidation of these seven related cases. For the reasons set forth below, this Court **CONSOLIDATES** these seven cases and **ORDERS** the Parties to file all documents in the earliest filed case, *Bowe v. Cross River Bank*, No. 2:22-cv-4266.

2

## II. BACKGROUND

On December 2, 2022, Plaintiffs Gregory and Rebekah Bowe filed their Complaint in this action against Defendants Cross River Bank, Sunlight Financial, LLC, Jayson Waller, and Trivest Partners (the "*Bowe* lawsuit"). (ECF No. 1). In their Complaint, Plaintiffs allege that Defendants colluded to defraud them and similarly situated customers throughout the country through the sale of overpriced solar system equipment which, contrary to Defendants' representations and contractual obligations, "fail[ed] to deliver a solar system that meets industry standards . . . to install the system in a workmanlike manner . . . to competently install and connect the various components of the system . . . to activate the system according to the Sales Agreement . . . [and] to maintain and or repair flaws in the system which occurred and continue to occur to the present date." (*Id.* at 15). According to Plaintiffs, Defendants represented that their system would cause "a significant reduction in Plaintiffs' present electrical bill," but it did not—forcing Plaintiffs to now pay the costs associated with the loans they incurred for the solar system and to continue paying their never-reduced energy bills. (*See id.* at 5, 14).

The Plaintiffs in the six other referenced cases filed their lawsuits five days after the *Bowe* lawsuit. All lawsuits claim breach of contract, fraudulent misrepresentation, negligent misrepresentation, fraud in the inducement/execution, declaratory judgment action, negligent hiring and training, unfair trade practices, consumer protection, civil conspiracy, negligence, and punitive damages. The same group of lawyers represents the plaintiffs and defendants in all seven cases.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 42(a), if actions before a court involve a common question of law or fact, the court has the discretion to: (1) join for hearing or trial any or all matters

3

at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). If the conservation of judicial resources achieved through consolidation "[is] slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.*

## IV.  LAW & ANALYSIS

For purposes of Rule 42 consolidation, questions of law and fact need not be identical. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *2 (S.D. Ohio Sept. 14, 2009) ("[T]hese cases involve many of the same facts and legal issues . . . and that is enough to justify consolidation.") (internal quotation marks and citations omitted). Rule 42 gives the Court discretion to consolidate as long as there are some common questions of law or fact. *Id*.

Defendants Sunlight Financial, LLC, Jayson Waller, and Trivest Partners are the same in every case. Cases 22-cv-04266, 22-cv-00723, and 22-cv-04314 also include Defendant Cross River Bank, while cases 22-cv-04315, 22-cv-00721, 22-cv-04318, and 22-cv-04310 also include Defendant Technology Credit Union. In addition, the actions arise out of a similar series of events. The Plaintiffs and Defendants are also represented by the same group of lawyers. Overall, the Complaints filed in all seven cases are nearly identical, with the exception of the names of the plaintiffs and minor differences with regard to the facts. If further evidence were needed to indicate that the cases are being litigated in an almost identical manner, the same motions to dismiss,

4

motions for extension of time, motions for discovery, and motions to compel arbitration have been filed in every case. As such, there is significant overlap in law and fact between the seven lawsuits, which strongly supports consolidation.

The Court next turns to the question of whether specific risks of prejudice and possible confusion are overborne by the savings of litigant and judicial resources achieved by consolidation. When there are common issues of law or fact, courts must balance the benefit of expedience and judicial resources against prejudice and jury confusion that may be caused by consolidation. *Cantrell*, 999 F.2d at 1011. Factors that may cause prejudice and jury confusion include complex legal theories and factual proof. *See Choi v. Stevenson Co.*, No. 3:08–CV–0057–S, 2011 WL 1625055 (W.D. Ky. Apr. 28, 2011). Absent prejudice, consolidation is usually the most efficient method of adjudicating cases arising from common law or fact. *MacLean*, 2009 WL 2983072, at *1. Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence. *Id*. at *2; *see also May v. U.S.*, 515 F. Supp. 600, 604 (S.D. Ohio 1981). Courts should be particularly cautious, however, when considering consolidation for complex cases with complex issues in a case that will be tried to a jury. *Organic Chemicals*, *Inc. v. Carroll Products, Inc.*, 86 F.R.D. 468, 469–70 (W.D.Mich.1980) ("[I]n complex cases with complex issues, justice is often best served if issues are separated." (citing *Warner v. Rossignol*, 513 F.2d 678 (1st Cir. 1975)).

This Court finds that consolidation of these seven lawsuits will be the most efficient method of adjudicating these related matters. All seven cases are already pending before this Court. Conducting discovery in a single case will facilitate expediency. This Court does not find that consolidation will unfairly prejudice any party or cause any significant confusion for a future jury.

## V. CONCLUSION

For the reasons set forth above, this Court **CONSOLIDATES** these seven cases and **ORDERS** the Parties to file all documents in the earliest filed case, *Bowe v. Cross River Bank*, No. 2:22-cv-04266.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: October 30, 2023**